UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:19-cr-102-BJD-PDB

RHIANNON RADER  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

Defendant Rhiannon Rader is a 35-year-old inmate incarcerated at Coleman Low FCI, serving a 60-month term of imprisonment for conspiracy to possess with intent to distribute a substance containing hydrocodone. (Doc. 291, Judgment). Rader seeks compassionate release because her son's primary caregiver (Rader's mother) recently passed away, and because Rader fears exposure to Covid-19. (Doc. 321, Motion for Compassionate Release).

However, Rader does not offer any evidence that she has exhausted, or attempted to exhaust, administrative remedies as required by § 3582(c)(1)(A). A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). Section 3582(c)(1)(A)'s exhaustion requirement is a firm prerequisite to filing a motion for compassionate release in district court, which is not subject to judicially created exceptions. United States v. Alam, 960 F.3d 831, 833-36 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Because Rader offers no indication that she has satisfied one of § 3582(c)(1)(A)'s exhaustion alternatives, the Motion is due to be denied without prejudice.

Accordingly, Defendant Rhiannon Rader's Motion for Compassionate Release (Doc. 321) is **DENIED WITHOUT PREJUDICE** to renewing the motion upon submitting evidence that she has exhausted administrative remedies, or that she has submitted a request for a reduction in sentence to the warden of her facility and that 30 days have lapsed. See 18 U.S.C. § 3582(c)(1)(A).

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of February, 2021.

BRIAN J. DAVIS
United States District Judge

lc 19

Copies:
Counsel of record
Defendant